UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEE GURULE, | CASE NO. 1:19-cv-00658-GSA |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b) |
| | (Doc. 20) |
| KILOLO KIJAKAZI, acting Commissioner of Social Security, | |
| Defendant. | |

Jonathan Omar Pena, counsel for Plaintiff Andre Lee Gurule, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).  Plaintiff was served a copy of the motion on August 24, 2022 by mail (Doc. 20) with instruction to respond, if at all, within 14 days of his receipt thereof.  Plaintiff did not file a response.  Defendant responded to the motion summarizing the applicable law but providing no opposition thereto.  For the reasons below, the motion will be granted.

## I.    **Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded.  Doc. 20-3.  The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee.  *Id.*

On May 15, 2019 Plaintiff filed a complaint for review of the administrative decision denying his application for benefits.  Doc. 1.  The parties exchanged confidential letter briefing after which they stipulated to remand the matter to the agency for further proceedings.  Docs. 15-17.   The parties also stipulated to payment of EAJA fees in an amount of $2,696.10.  Doc. 19.  On remand the agency determined that Plaintiff was disabled and entitled to past due benefits effective March 2017 yielding a total past due benefit amount of $74,439.10.  Doc. 20-1 at 3.  From the past due benefit amount, the agency withheld 25% for potential payment to counsel.  The withheld amount was $18,609.78.  *Id.*

1

2    **II.    Legal Standard**

3    An attorney may seek an award of fees for representation of a Social Security claimant who is
awarded benefits:

4    Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq]
who was represented before the court by an attorney, the court may determine and allow
5    as part of its judgment a reasonable fee for such representation, not in excess of 25 percent
of the total of the past-due benefits to which the claimant is entitled by reason of such
6    judgment . . .

7    42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b)

8    controls fees awarded for representation of Social Security claimants). A contingency fee agreement is

9    unenforceable by the Court if it provides for fees exceeding the statutory amount of 25 percent. *Gisbrecht*,

10   535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent

11   that they provide for fees exceeding 25 percent of the past-due benefits.").

12   District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases."

13   *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review

14   contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in

15   particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the

16   representation and the results the representative achieved." *Id*. at 808. In addition, the Court should

17   consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or

18   excessive delays, and whether the fees are "excessively large in relation to the benefits received."

19   *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No.

20   1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

21   **III**.    **Analysis**

22   Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a

23   stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits.  There

24   is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.

25   Although the parties never filed briefs with the Court, counsel's itemized bill reflects 14.2 hours of time

26   spent reviewing the 1500 page administrative transcript and drafting a confidential letter brief, which the

27   court finds is a reasonable amount of time for performance of those tasks.  Counsel seeks $18,609.78

28

2

1  based on 14.2 hours of work, resulting in an effective hourly rate of $1,310.54.  Although counsel's time

2  expenditure was modest, the fee award would not amount to a windfall.  Unlike fee motions governed

3  entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is

4  merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate

5  counsel for the risk assumed in representing social security claimants.  *See Crawford v. Astrue*, 586 F.3d

6  1142, 1148 (9th Cir. 2009).

7  Moreover, the $1,310.54 effective hourly rate sought here is consistent with the rates approved by

8  other courts under section 406(b).  *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL

9  6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No.

10 EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of

11 $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016)

12 ($1,546.39 per hour).

13 The $18,609.78 total amount is also consistent with total contingent fee awards granted under

14 section 406(b).  *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL

15 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015

16 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS,

17 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-

18 LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

19 Considering the character of the representation, the result achieved, and the fee amounts awarded

20 in similar cases, the request here is reasonable.

21 Accordingly, it is **ORDERED** as follows:

22 1.  Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 20) is granted.

23 2.  The Commissioner shall certify a payment of a gross award in the amount of $18,609.78

24     to Jonathan O. Peña.

25 3.  Jonathan O. Peña shall refund to Plaintiff EAJA fees previously awarded in the amount of

26     $2,696.10.

27

28 IT IS SO ORDERED.

3

1

2     Dated:   __November 8, 2022__              __/s/ Gary S. Austin__
                                              UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28